IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN A. LAUTH, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. 1:14-cv-0136 WTL-TAB |
| COVANCE, INC., | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND TRIAL BY JURY

Plaintiff Steven A. Lauth, by counsel, for his Complaint for Damages and Request for Jury Trial based on violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, states as follows:

### I.     INTRODUCTION

1. This is an action brought by Steven A. Lauth ("Mr. Lauth") against Covance, Inc. ("Covance"). Defendant Covance violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* by retaliating against Mr. Lauth for filing a Charge of Discrimination with the EEOC, by disciplining Mr. Lauth and ultimately terminating his employment. Furthermore, Covance discriminated against Mr. Lauth by terminating his employment on the basis of his age, which was 60 at the time.

### II.    JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and 28 U.S.C. § 1331, granting the United States district courts original jurisdiction over all actions "arising under the Constitution, laws or treaties of the United States."

3. The practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

### III. VENUE

4. The breach of rights afforded under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, arose in Indianapolis, Marion County, Indiana.

5. Marion County is located in the Southern District of Indiana, and 28 U.S.C. § 1391 allows for an action to be brought in the district in which the cause of action arose.

### IV. PLAINTIFF

6. Plaintiff Steven A. Lauth, is a resident and citizen of the State of Indiana.

### V. DEFENDANTS

7. Defendant Covance, Inc. is now, and was at all times relevant to this action, a Delaware corporation registered as a for-profit foreign corporation in the State of Indiana.

### VI. STATEMENT OF FACTS

8. From about February 16, 2006 through October 25, 2012, Mr. Lauth was a second shift Production Supervisor employed by Covance.

9. Shortly after beginning his employment with Covance, Mr. Lauth discovered that Aaron Ellsworth, another Covance employee, had a habit of intimidating, bullying, demeaning, and belittling other Covance employees.

10. Although other Covance employees had complained of Mr. Ellsworth's conduct prior to Mr. Lauth's arrival, no action had been taken to stop it.

11. Because Mr. Ellsworth's harassment included Mr. Lauth and his subordinates, Mr. Lauth complained to Don Snyder, Mr. Lauth's supervisor.

12. After Mr. Lauth's manager failed to take any remedial action regarding Mr. Ellsworth, Mr. Lauth spoke confidentially with Gary Grubb, the departmental human resources representative, about his concerns.

13. When Mr. Grubb also failed to take any remedial action, Mr. Lauth filed a formal complaint with Covance's "Alert Line."

14. After filing his complaint, Mr. Lauth began to receive negative reviews and evaluations from Mr. Snyder. Prior to filing his complaint, Mr. Lauth's reviews were above average.

15. During Mr. Lauth's 2011 mid-year review, Mr. Snyder asked him when he was retiring.

16. Mr. Lauth then filed a Charge of Discrimination with the EEOC. (Ex. 1.)[1]

17. After that Charge of Discrimination was dismissed on April 30, 2012, Covance began an ongoing series of retaliatory actions.

18. On July 20, 2012, Mr. Lauth was given a written warning in a meeting with Millie Marsh for "inappropriate and unprofessional communication." (Ex. 2.)[2]

19. During that meeting, Mr. Lauth asked if he could submit a substantive response to the written warning.

20. In response, Ms. Marsh made a statement to the effect of "if we are going to go down this road every time we talk this is not going to work for me. If I feel like you are trying to put together a case this is not the right place for you. I'm telling you, you are not going to be successful on my team. So that is what I asked you about is what you really need to think about is your future here, and if you can't change this, this is not the right job for you."

---

[1] A copy of the Charge of Discrimination, No. 470-2012-01077 (Jan. 25, 2012) is attached hereto as Exhibit 1.
[2] A copy of the Written Warning (July 20, 2012) is attached hereto as Exhibit 2.

21. On August 8, 2012, Ms. Marsh placed Mr. Lauth on a Performance Improvement Plan for his "continued refusal to communicate and participated as a 'Team Player' with all staff in a productive and professional manner,'" and because he "ha[d] not taken the opportunity to participate and provide input in decisions but, rather, provide[d] post implementation negative feedback," that was "not solution oriented but, rather, unconstructive opposition." (Ex. 3.)[3]

22. On September 14, 2012, Mr. Lauth filed a second Charge of Discrimination, No. 470-2012-03370 with the EEOC, on the grounds that this Written Warning and this Performance Improvement Plan were in retaliation for his previous Charge of Discrimination, No. 470-2012-01077. (Ex. 4.)[4]

23. Specifically, the Written Warning and Performance Plan were issued for the purpose of generating a paper record to support a decision to terminate Mr. Lauth's employment with Covance, and not for a legitimate business purpose.

24. These actions were also motivated by discriminatory animus on the basis of Mr. Lauth's age, which was 60.

25. In connection with the Performance Improvement Plan, Mr. Lauth was required to attend bi-weekly meetings with his manager, Chris Walters.

26. During the October 18, 2012 meeting, Heidi Sturgeon, a Covance senior HR executive, appeared, unannounced, to discuss a human resources issue allegedly brought to her attention – that several employees had complained within the span of a week about an (undisclosed) action by Mr. Lauth.

27. Ms. Sturgeon and Ms. Walters refused to provide any details of the complaint, but the tenor of the discussion suggested that it was related to a September 21, 2012 email by Mr. Lauth, regarding further harassment by Mr. Ellsworth.

---

[3] A copy of the Performance Improvement Plan (Aug. 8, 2012) is attached hereto as Exhibit 3.
[4] A copy of the Charge of Discrimination, No. 470-2012-03370 (Sept. 13, 2012) is attached hereto as Exhibit 4.

28. Mr. Lauth was informed, at that time, that HR would conduct an investigation into these complaints against him.

29. On October 25, 2012, Mr. Lauth was called into a second meeting with Ms. Sturgeon and Ms. Walters, wherein Mr. Lauth was informed that the investigation was complete and that his employment was being terminated pursuant to the terms of his Performance Improvement Plan.

30. Neither Ms. Sturgeon nor Ms. Walters would provide any specific explanation of the substantive basis for Mr. Lauth's termination – verbally or in writing.

31. Instead, Mr. Lauth was told, generally, that (unidentified) persons had corroborated issues relating to Mr. Lauth's performance, his management style, and his alleged inability to meet Covance competencies.

32. In addition, Ms. Sturgeon and Ms. Walters falsely stated that Mr. Lauth had affirmatively stated he did not want to change or improve with regards to those unspecified issues.

33. Although Mr. Lauth asked for additional details, Ms. Sturgeon and Ms. Walters refused to provide them.

34. As Mr. Lauth left the room, Ms. Sturgeon began laughing.

35. Mr. Lauth's employment was terminated in retaliation for his previous Charges of Discrimination, Nos. 470-2012-01077 and 470-2012-03370.

36. Covance's decision to terminate Mr. Lauth's employment was also motivated by a discriminatory animus against Mr. Lauth's age, which was 60.

## VII. STATEMENT OF CLAIMS

### COUNT I
*(Retaliation in Violation of
the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.)*

37. Plaintiff incorporates the allegations in paragraphs 1 through 36 above, and, in addition, alleges that Covance discriminated against Mr. Lauth on the basis of age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, by retaliating against Mr. Lauth for his Charge of Discrimination.

38. Mr. Lauth was 60 at the time relevant to this Complaint.

39. Mr. Lauth filed two Charges of Discrimination with the Equal Employment Opportunity Commission for age discrimination and retaliation.

40. Covance gave Mr. Lauth unwarranted negative reviews, discipline, and ultimately terminated his employment.

41. These negative reviews, discipline, and threats of termination were in retaliation for Mr. Lauth's Charges of Discrimination.

**COUNT II**
*(Age Discrimination in Violation of*
*the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.)*

42. Plaintiff incorporates the allegations in paragraphs 1 through 41 above, and, in addition, alleges that Covance discriminated against Mr. Lauth on the basis of age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, by making threatening comments to Mr. Lauth relating to his age, and by giving unwarranted negative performance reviews.

43. Mr. Lauth was 60 at the time relevant to this Complaint.

44. Covance made threatening comments about Mr. Lauth's age, implying that he should retire.

45. Covance gave Mr. Lauth unwarranted negative reviews.

46. Mr. Lauth is qualified for his position.

47. Mr. Lauth believes that he was replaced by an employee who was 10 years or more younger than him.

## VIII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Steven A. Lauth prays for judgment in his favor against Defendant Covance, Inc. and prays that the following relief be awarded:

a. Grant a permanent injunction enjoining Covance, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in age discrimination and any other employment practice, which discriminates on the basis of age, and from engaging in retaliation.

b. Order Covance to make whole Mr. Lauth by providing appropriate back pay and front pay for actual damages with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to Mr. Lauth's pecuniary losses.

c. Order Covance to make whole Mr. Lauth by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

d. Order Covance to make whole Mr. Lauth by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, in amounts to be determined at trial.

e. Order Covance to pay Mr. Lauth punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial.

f. Order Covance to pay Mr. Lauth his special damages, in amounts to be determined at trial.

g. Order Covance to pay damages to Mr. Lauth for any and all injuries to his career, in amounts to be determined at trial.

h. Award Mr. Lauth the costs of this action including reasonable attorneys' fees and any such further relief as the Court may deem just, proper and equitable.

i. Grant such further relief as the Court deems necessary and proper in the public interest.

## IX.   **RESERVATION OF RIGHTS**

Pursuant to the rules of pleading and practice, Plaintiff reserves the right to assert additional violations of federal and state law.

*/s/ Sandra L. Blevins*
Kevin W. Betz, Atty. No. 14188-82
Sandra L. Blevins, Atty. No. 19646-49
Benjamin C. Ellis, Atty. No. 28544-49

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, Indiana 46204
Office: (317) 687-2222
Fax: (317) 687-2221
E-mail: litigation@betzadvocates.com